**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4136
_____

WILLIAM JAMES WALKER, JR.,

Appellant

v.

CITY OF PHILADELPHIA;
PHILADELPHIA COUNTY DISTRICT ATTORNEY'S OFFICE;
DEFENDER ASSOCIATION OF PHILADELPHIA;
*R. SETH WILLIAMS, ESQ.;  ELLEN GREENLEE;
DENNIS KELLY; JOHN MADDEN, ESQ.
NICOLE TAYLOR, ESQ.

*Amended pursuant to Fed. R. App. P. 43(c)(2)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-02071)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2011
Before:  SCIRICA, HARDIMAN AND VANASKIE, Circuit Judges

(Opinion filed July 8, 2011)
_____

OPINION
_____

PER CURIAM

Walker, a prisoner proceeding *pro se*, appeals from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e). For the reasons stated below, we will summarily affirm.

I.

Walker filed a civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985 against the City of Philadelphia, the Philadelphia County District Attorney's Office, the District Attorney, the Defender Association of Philadelphia, and several individual public defenders. He alleged that these defendants conspired to have him plead guilty to criminal charges despite being aware of evidence he claims would prove his innocence. He sought both monetary relief and the release of all exculpatory evidence.

The District Court granted Walker's motion to proceed *in forma pauperis* and later dismissed his complaint pursuant to 28 U.S.C. § 1915(e).

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

We agree with the District Court's determination that Walker's civil rights claim is without merit. To the extent Walker brought his claim pursuant to § 1985(3), the District

Court correctly dismissed. Walker did not allege that any of the defendants' actions were motivated by invidious class-based discriminatory animus, Farber v. City of Paterson, 440 F.3d 131, 134-43 (3d Cir. 2006), and he failed to state a cognizable claim under any other subsection of § 1985.

To the extent Walker sought relief under § 1983, dismissal was likewise correct as none of the defendants is liable under that provision. The City of Philadelphia is not subject to liability in a civil rights action absent a showing that unlawful actions were taken as a result of an approved municipal or governmental custom. Monell v. New York Dep't of Social Serv., 436 U.S. 658, 690-91 (1978). The District Attorney's Office and the District Attorney himself have absolute immunity from liability for actions related to their official duties. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). The Defender Association of Philadelphia and the individual public defenders are not liable under § 1983. See Polk County v. Dodson, 454 U.S. 312 (1981) (public defenders not liable because they were not acting under color of state law).

We also agree with the District Court that Walker's conspiracy claim does not appear to be based in fact, but merely upon his own suspicion and speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Accordingly, the District Court did not err in dismissing his complaint as legally

3

frivolous.[1]  Id.  We are satisfied that any amendment to Walker's Complaint would have been futile, and thus the District Court properly dismissed without leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  As the appeal presents no substantial question, we will summarily affirm the judgment below.  See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.

---

[1] To the extent Walker sought to invalidate his state convictions, the remedy was available only through habeas corpus proceedings. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).